**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X

AKILAH MCCOY,                                              25 CV 2997

                     Plaintiff,

                                                 **COMPLAINT AND**
      v.                                      **JURY TRIAL DEMAND**

BUZZFEED MEDIA ENTERPRISES, INC.,
BUZZFEED, INC., and CAROLE ROBINSON,
individually,

                     Defendants.

-------------------------------------------------------------X

       Plaintiff AKILAH MCCOY ("Plaintiff" or "Ms. McCoy"), by and through her attorneys,

DOLCE LAW PLLC, for her Complaint alleges as follows:

## NATURE OF THE CASE

1.      This is an action against Defendant BUZZFEED MEDIA ENTERPRISES, INC.

("BUZZFEED MEDIA"), Defendant BUZZFEED, INC. ("BUZZFEED"), and CAROLE

ROBINSON ("ROBINSON"), individually, (collectively "Defendants") for violation of rights

guaranteed to Plaintiff under federal, state, and local laws. Defendants subjected Plaintiff to

disparate treatment and a hostile work environment on the basis of her race and gender.

2.      Ms. McCoy is a Black woman who was subjected to unequal treatment, a hostile work

environment, and retaliation during her employment with Defendants. Despite her strong

performance, Ms. McCoy was repeatedly denied support, subjected to demeaning race-based

comments, and ultimately terminated in retaliation for reporting the discriminatory treatment she

experienced.

3.      The discriminatory actions of Defendants caused Plaintiff significant economic and

emotional harm. Plaintiff seeks damages and costs against Defendants for discriminating against

her in violation of Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section

1981"), Title VII of the Civil Rights Act of 1964, as amended in 1991, 42 U.S.C. § 2000e *et seq.* ("Title VII"), the New York State Human Rights Law, N.Y. Exec. Law § 296 *et seq.* ("NYSHRL"), and the New York City Human Rights Law, New York City Administrative Code § 8-107 *et seq.* ("NYCHRL") on the basis of race and sex/gender.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. §§ 1331 and 1343.

5.      This Court has supplemental jurisdiction over Plaintiff's state and city law claims under 28 U.S.C. § 1367.

6.      Venue is properly lodged in this District pursuant to 28 U.S.C. § 1391(b)(1) and (2).

## PROCEDURAL PREREQUISITES

7.      Plaintiff timely filed a complaint, upon which this Complaint is based, with the United States Equal Employment Opportunity Commission ("EEOC").

8.      Plaintiff received a Notice of Right to Sue from the EEOC, dated January 10, 2025, with respect to the instant charges of discrimination. A copy of the Notice is annexed to this Complaint.

9.      This action commences within 90 days of receipt of the Notice of Right to Sue.

10.     Pursuant to NYCHRL § 8-502, Plaintiff will serve a copy of this Complaint on the New York City Commission on Human Rights and the Corporation Counsel of the City of New York within ten days of filing this action.

## PARTIES

*Plaintiff*

11.     Plaintiff is a resident of the State of New Jersey, County of Essex, and a Black woman.

12.     At all relevant times, Ms. McCoy was an "employee" within the meaning of all relevant statutes.

*Corporate Defendants*

13.     Defendant BUZZFEED MEDIA is a foreign corporation doing business in the State of New York and a wholly owned subsidiary of Defendant BUZZFEED.

14.     Defendant BUZZFEED is a foreign corporation doing business in the State of New York. Defendant BUZZFEED is a United States Internet media, news and entertainment company with a focus on digital media.

15.     At all relevant times, Corporate Defendants were "employers" within the meaning of all applicable statutes.

16.     Corporate Defendants variously exercised control over Plaintiff's work and compensation.

17.     Corporate Defendants constitute a single employer which employed Plaintiff and are jointly and severally liable for the acts and omissions alleged herein.

*Individual Defendant*

18.     Defendant ROBINSON is a white woman and, upon information and belief, a resident of the State of New York.

19.     At all relevant times herein, Corporate Defendants employed Defendant ROBINSON as Chief Communications Officer.

20.     In her role as Chief Communications Officer, Defendant ROBINSON was Ms. McCoy's

direct supervisor during the relevant time period. At all relevant times, Defendant ROBINSON had the authority to affect the terms and conditions of Ms. McCoy's employment, including by making decisions regarding her work assignments, support staff, performance evaluations, and continued employment.

21.    At all relevant times, Defendant ROBINSON was an "employer" within the meaning of the NYSHRL and NYCHRL, which define "employer" to include any person acting in the interest of an employer.

## MATERIAL FACTS

### *Background*

22.    Ms. McCoy is a highly skilled communications professional with over 17 years of experience in the industry.

23.    Ms. McCoy joined Complex Networks as a consultant in September 2020 for a project slated to run through December 2020.

24.    Based on her strong performance, Complex Networks asked Ms. McCoy to remain on board to lead Communications for Complex.

25.    In August 2021, Ms. McCoy joined the Public Relations ("PR") team full-time as Vice President of Communications at Complex Networks.

26.    On December 6, 2021, Defendant BUZZFEED completed its acquisition of Complex Networks, and Ms. McCoy began reporting to Defendant ROBINSON, Corporate Defendants' Chief Communications Officer.

27.    Ms. McCoy consistently exceeded performance expectations throughout her tenure. In January 2023, Defendant ROBINSON, acknowledged her strong performance with a salary increase and even conceded that Ms. McCoy deserved more compensation. During her

employment with Defendants, Ms. McCoy was never placed on a performance improvement plan or formally notified of any serious concerns about her work.

***Hostile Work Environment***

28.    Upon joining Defendant ROBINSON's team, Ms. McCoy and another Black woman, were the only Black employees on the PR team.

29.    Throughout her employment under Defendant ROBINSON's supervision, Ms. McCoy was subjected to demeaning race-based remarks, inferior treatment compared to her white colleagues, and a hostile work environment.

30.    On February 15, 2022, Defendant ROBINSON began a weekly call with Ms. McCoy by stating, "I know you must've been on your feet for the entire half-time show performance. I watched it and thought Piper[1] would be so proud."

31.    Defendant ROBINSON was referring to the NFL Super Bowl half-time show, which featured several Black recording artists. While the theme of the halftime show was a homage to West Coast hip-hop music, Ms. McCoy is originally from Washington, D.C. Defendant ROBINSON's comment revealed her assumption that Ms. McCoy should take pride in the performance solely due to her race.

32.    When Ms. McCoy responded that she had missed the halftime show, Defendant ROBINSON proceeded to tell her that she reminded her of Mary J. Blige, the sole Black female recording artist to perform at the half-time show. Defendant ROBINSON insisted that Ms. McCoy watch the performance on YouTube.

33.    In early May 2022, Defendant ROBINSON attempted to tokenize Ms. McCoy during Defendant BUZZFEED's pending acquisition of Blavity.com, a company owned and run by a Black woman, Morgan DeBaun.

---

[1] Plaintiff is also known by the name "Piper."

34.     Defendant ROBINSON told Ms. McCoy, "I have been speaking with Morgan and I think it would be best to loop you in the conversation to make her feel more comfortable."

35.     Shortly after this comment, during a meeting also attended by other colleagues, Defendant ROBINSON asked Ms. McCoy, "Why don't Black people like BET? It's made for them."

36.     Because Ms. DeBaun had expressed a desire to refrain from pushing her press release to BET, Defendant ROBINSON opined, "I was taken aback because this is a network for you all." When Ms. McCoy responded that she could not speak to Ms. DeBaun's feelings or speak for all Black people, Defendant ROBINSON retorted, "Don't you get your news from them, what do you read to stay hip?"

37.     On February 13, 2023, during a one-on-one call, when Ms. McCoy expressed discomfort with Defendant ROBINSON's prior discriminatory conduct, Defendant ROBINSON responded, "Oh Piper. We all like Black people. Lizzie has a Black boyfriend she moved to Atlanta for. Atlanta is very Black."

38.     On April 5, 2023, during a meeting while discussing Andrea Harner, the wife of Defendant BUZZFEED's CEO Jonah Peretti, Defendant ROBINSON said, "She recently decided to identify as Asian...." and, referring to a profile picture on Harner's Instagram page being shared on a screen, asked Ms. McCoy, "Piper, does this look like any Asian you have ever seen?" Both Defendant ROBINSON and another attendee at the meeting laughed while Ms. McCoy remained silent.

39.     Defendant ROBINSON was not the only purveyor of harmful statements invoking race. On June 14, 2022, during the PR team's weekly call, Lizzie Grams ("Grams"), PR Manager for BuzzFeed News, expressed enthusiasm about the upcoming three-day holiday by exclaiming,

"Yay Juneteenth, and thank you federal government WOO HOO!" inappropriately referencing a holiday meant to commemorate the emancipation of enslaved African Americans.

40.    At the same meeting, Juliana Clifton ("Clifton"), Director of Communications, struggled to pronounce the last names of certain team members and, referring to a non-white co-worker, said, "Why can't people have normal last names anymore?" These incidents took place in the presence of Defendant ROBINSON, their supervisor.

41.    Ms. McCoy was also subjected to gender-based discrimination. In November 2022, a client referred to Ms. McCoy as a "bitch" in front of other team members, and Jeff Mazzacano, SVP of Brand Partnerships at Defendant BUZZFEED, thanked Ms. McCoy for "not making a big deal" about the incident, stating, "We need their partnership; the industry is struggling."

42.    This incident exemplified the abuse that Defendants expected Ms. McCoy to tolerate from advertisers and partners even while protecting her white counterparts from such interactions.

***Disparate Treatment***

43.    Ms. McCoy was specifically targeted for disparate treatment. Ms. McCoy was the only senior manager on the PR team who was denied adequate support staff, despite carrying more brands and responsibilities than her white counterparts.

44.    After Ms. McCoy's direct report, Nyla Nation ("Nation"), resigned in July 2022, Ms. McCoy was left with no support. While Defendants prevented Nation's position from being filled, they continued to provide support staff to Ms. McCoy's white colleagues.

45.    With Nation's departure, Ms. McCoy was down three team members, as she had previously lost two other team members whose positions were not filled despite Defendant ROBINSON's promises.

46.     Every other senior manager on the PR team had support except Ms. McCoy. Matt

Mittenthal, VP of Communications, had Grams as support; Clifton had Sophia Vega, PR

Coordinator, while Ms. McCoy was left with no dedicated team member to support her.

47.     As a result of this disparate treatment, Ms. McCoy was overburdened with

responsibilities and left without adequate support to fulfill them, thereby inhibiting her ability to

perform optimally.

***Complaints of Discrimination and Retaliation***

48.     On August 29, 2022, Ms. McCoy contacted her Human Resources Business Person

("HRBP"), Matt Soto ("Soto"), regarding the discrimination directed towards her by Defendant

ROBINSON.

49.     Soto conceded that many Black women struggled at the company and recommended that

Ms. McCoy reach out to Dionna Scales ("Scales"), who led Diversity, Inclusion and Belonging.

50.     On September 12, 2022, Ms. McCoy met with Scales and Krystle Douglas, Vice

President of People for Complex Networks, and relayed details of her experiences as a Black

woman at the company.

51.     In response, Scales discouraged Ms. McCoy from making a formal complaint against

Defendant ROBINSON, claiming, "She is looked at internally as a Jewish grandmother, and she

is very close with Jonah [Peretti]."

52.     Ms. McCoy understood this as a warning and expressed her fear of Defendant

ROBINSON's retaliation. Rather than reassure her, Scales reaffirmed that Defendant

ROBINSON is "a trusted ally of Jonah Peretti." Ms. McCoy took this as a warning not to pursue

the matter further.

53.     In October 2022, Ms. McCoy held her first call with her new HRBP, Larry Graham

("Graham"), who had replaced Soto. Ms. McCoy discussed her experiences at the company and confided in Graham about her fear of retaliation from Defendant ROBINSON.

54.    Graham acknowledged that he had many Black female friends who experienced what Ms. McCoy had experienced and asked to meet with her regularly.

55.    Graham used the relationship he had developed with Ms. McCoy to ask her to secure tickets for himself and a friend to ComplexCon 2022, an event in Long Beach, California, that took place in November 2022.

56.    On November 20, 2022, at ComplexCon, Graham's friend told Ms. McCoy, "Larry told me they treat you like a n****r at this company." When Graham expressed dismay by hitting his guest in her arm, the guest responded, "You say that s**t all the time."

57.    Not only had Graham breached the confidentiality of his discussions with Ms. McCoy, but he had referred to her and her treatment at the company by using a vile racial epithet. Ms. McCoy was distraught and brought to tears by the exchange.

58.    After learning of Ms. McCoy's complaints, Defendant ROBINSON began retaliating against her. On December 5, 2022, Defendant ROBINSON informed Ms. McCoy about upcoming layoffs a week after she had informed several junior members of the team.

59.    Ms. McCoy was often the last to learn from Defendant ROBINSON details regarding the larger operations or status of the company. Defendant ROBINSON repeatedly referred to discussions that took place in a group text to which Ms. McCoy was not invited to participate. When Ms. McCoy asked Defendant ROBINSON questions, she was told, "Jonah just wants to keep it to the people he trusts right now."

60.    On December 29, 2022, during a holiday break, the General Manager of a brand owned by Defendant BUZZFEED, sent a message to Ms. McCoy indicating that Defendant

ROBINSON was soliciting negative feedback about her.

61.    Ms. McCoy had previously confided to that General Manager her concerns regarding the disparate treatment she received from Defendant ROBINSON compared to other members of her team.

62.    On February 17, 2023, Defendant ROBINSON sent an email to Graham and Samantha Caba, a Senior Director who oversees all Human Resources Business Partners across the company, after a discussion with Ms. McCoy. The email misrepresented the frequency of communication between Ms. McCoy and Defendant ROBINSON. Defendant ROBINSON did this to reflect poorly on Ms. McCoy's performance.

63.    On February 21, 2023, in a Google Meet exchange, Defendant ROBINSON stated, "I'd like to address the elephant in the room, the email I sent to HR. Piper, I thought you and I had a great relationship, and I was saddened to hear that you've been going to HR about me so since you included them I just want to keep them looped in moving forward."

64.    Subsequently, Ms. McCoy was introduced to a new HRBP, Samantha Ortiz ("Ortiz"). On March 3, 2023, during a meeting with Ortiz, she acknowledged that Ms. McCoy's claims were not unique but reflected the experience of many Black women at the company. Ortiz, however, claimed to have no documentation of Ms. McCoy's previous complaints.

65.    During that emotional meeting, Ms. McCoy presented evidence supporting her claims of racial discrimination and a hostile work environment. Ortiz responded by offering to work with Ms. McCoy on a separation agreement and package that would allow her "to part ways amicably" and offer compensation for her "horrible experience."

66.    Shortly thereafter, Ms. McCoy was selected for a layoff in clear retaliation for her complaints. She was offered eight weeks of severance pay, substantially less than what Corporate

Defendants offered similarly situated or even junior white executives.

67. Defendants' discriminatory and retaliatory actions culminated in Ms. McCoy's termination on or around April 20, 2023.

68. Ms. McCoy's selection for termination was motivated by retaliatory animus following her complaints of discrimination. The timing of Ms. McCoy's termination —shortly after her most recent complaints to HR— indicates that her protected activity, not legitimate business reasons, was the true motivating factor behind her termination.

***Substantial Harm***

69. Defendants' discriminatory actions resulted in Ms. McCoy suffering mental anguish and emotional distress.

70. Even before her wrongful termination, Ms. McCoy suffered substantial emotional distress as a result of Defendants' acts and omissions alleged herein and often discussed the emotional impact of Defendants' conduct with her psychotherapist.

71. Defendants' conduct in repeatedly subjecting Ms. McCoy to discriminatory comments and behavior, failing to address her complaints, and ultimately terminating her employment was particularly humiliating and demoralizing for Ms. McCoy.

72. This emotional distress, and the hostile work environment that Defendants created and maintained, had significant negative effects on Ms. McCoy's health and well-being.

73. Furthermore, Plaintiff's termination compounded the emotional impact of Defendants' conduct by leaving her without any income and illustrating to her that Defendants would rather terminate a talented and high-performing Black executive than remediate the race discrimination and race-based harassment that she was forced to endure.

## FIRST CAUSE OF ACTION
### Against All Defendants
### _Discrimination in Violation of Section 1981_

74.    Plaintiff repeats and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

75.    Defendants unlawfully discriminated against Plaintiff in the terms and conditions of her employment by creating and maintaining a hostile work environment, subjecting her to disparate treatment, and by terminating her employment on the basis of her race in violation of 42 U.S.C. § 1981.

76.    As described herein, Defendant ROBINSON is personally, directly and individually liable in that she aided and abetted the Corporate Defendants in their unlawful discriminatory acts against Plaintiff, in violation of 42 U.S.C. § 1981.

77.    Alternatively, in terms of the economic realities of the workplace, Defendant ROBINSON is personally, directly and individually liable as an employer for the unlawful discrimination against plaintiff in violation of 42 U.S.C. § 1981.

78.    As a result of Defendants' discriminatory acts, Plaintiff has suffered and continues to suffer monetary and/or economic harm, including but not limited to, loss of past and future income, compensation, and benefits, for which she is entitled to an award of damages, attorneys' fees, and costs.

79.    As a result of Defendants' discriminatory acts, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which she is entitled to an award of damages and other relief.

80.    Defendants' unlawful discriminatory actions constitute willful, wanton and malicious

violations of Section 1981 for which Plaintiff is entitled to an award of punitive damages.

81.    Therefore, Defendants are jointly and severally liable to plaintiff for back pay, front pay, emotional distress and other compensatory damages, punitive damages, prejudgment interest, post-judgment interest, attorneys' fees, costs and disbursements.

**SECOND CAUSE OF ACTION**
**Against All Defendants**
*Retaliation in Violation of Section 1981*

82.    Plaintiff repeats and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

83.    Defendants unlawfully retaliated against Plaintiff in the terms and conditions of her employment and by terminating her employment on the basis of her protected activities, in violation of 42 U.S.C. § 1981.

84.    As described herein, Defendant ROBINSON is personally, directly and individually liable in that she aided and abetted the Corporate Defendants in their unlawful retaliatory acts against Plaintiff, in violation of 42 U.S.C. § 1981.

85.    Alternatively, in terms of the economic realities of the workplace, Defendant ROBINSON is personally, directly and individually liable as an employer for the unlawful retaliation against Plaintiff in violation of 42 U.S.C. § 1981.

86.    As a result of Defendants' retaliatory acts, Plaintiff has suffered and continues to suffer monetary and/or economic harm, including but not limited to, loss of past and future income, compensation, and benefits, for which she is entitled to an award of damages, attorneys' fees, and costs.

87.    As a result of Defendants' retaliatory acts, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and

emotional pain and suffering, for which she is entitled to an award of damages and other relief.

88.    Defendants' unlawful retaliatory actions constitute willful, wanton and malicious

violations of Section 1981 for which Plaintiff is entitled to an award of punitive damages.

89.    Therefore, Defendants are jointly and severally liable to Plaintiff for back pay, front pay,

emotional distress and other compensatory damages, punitive damages, prejudgment interest,

post-judgment interest, attorneys' fees, costs and disbursements.

**THIRD CAUSE OF ACTION**
**Against Corporate Defendants**
*Discrimination in Violation of Title VII*

90.    Plaintiff repeats and realleges each and every allegation set forth above with the same

force and effect as if fully set forth herein.

91.    Defendants unlawfully discriminated against Plaintiff in the terms and conditions of her

employment by creating and maintaining a hostile work environment, subjecting her to disparate

treatment, and by terminating her employment on the basis of her race and gender, in violation of

Title VII.

92.    As a result of Defendants' discriminatory acts, Plaintiff has suffered and continues to

suffer monetary and/or economic harm, including but not limited to, loss of past and future

income, compensation, and benefits, for which she is entitled to an award of damages, attorneys'

fees, and costs.

93.    As a result of Defendants' discriminatory acts, Plaintiff has suffered and continues to

suffer severe mental anguish and emotional distress, including but not limited to depression,

humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and

emotional pain and suffering, for which she is entitled to an award of damages and other relief.

94.    Defendants' unlawful discriminatory actions constitute malicious, willful, and wanton

violations of Title VII, for which Plaintiff is entitled to an award of punitive damages.

95.    Therefore, Defendants are liable to Plaintiff for back pay, front pay, emotional distress and other compensatory damages, punitive damages, prejudgment interest, post-judgment interest, attorneys' fees, costs and disbursements.

**FOURTH CAUSE OF ACTION**
**Against Corporate Defendants**
*Retaliation in Violation of Title VII*

96.    Plaintiff repeats and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

97.    Defendants unlawfully retaliated against Plaintiff in the terms and conditions of her employment and by terminating her employment on the basis of her protected activities, in violation of Title VII.

98.    As a result of Defendants' retaliatory acts, Plaintiff has suffered and continues to suffer monetary and/or economic harm, including but not limited to, loss of past and future income, compensation, and benefits, for which she is entitled to an award of damages, attorneys' fees, and costs.

99.    As a result of Defendants' retaliatory acts, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which she is entitled to an award of damages and other relief.

100.    Defendants' unlawful retaliatory actions constitute malicious, willful, and wanton violations of Title VII, for which Plaintiff is entitled to an award of punitive damages.

101.    Therefore, Defendants are liable to Plaintiff for back pay, front pay, emotional distress and other compensatory damages, punitive damages, prejudgment interest, post-judgment interest, attorneys' fees, costs and disbursements.

## FIFTH CAUSE OF ACTION
### Against All Defendants
### *Discrimination in Violation of NYSHRL*

102.    Plaintiff repeats and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

103.    Defendants unlawfully discriminated against Plaintiff in the terms and conditions of her employment by creating and maintaining a hostile work environment, subjecting her to disparate treatment, and by terminating her employment on the basis of her race and sex in violation of the NYSHRL.

104.    As described herein, Defendant ROBINSON is personally, directly and individually liable in that she aided and abetted Corporate Defendants in their unlawful discriminatory acts against Plaintiff, in violation of NYSHRL § 296(6).

105.    Alternatively, in terms of the economic realities of the workplace, Defendant ROBINSON is personally, directly and individually liable as employers for the unlawful discrimination against Plaintiff in violation of NYSHRL § 296(1).

106.    As a result of Defendants' discriminatory acts, Plaintiff has suffered and continues to suffer monetary and/or economic harm, including but not limited to, loss of past and future income, compensation, and benefits, for which she is entitled to an award of damages, attorneys' fees, and costs.

107.    As a result of Defendants' discriminatory acts, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which she is entitled to an award of damages and other relief.

108.    Defendants' unlawful discriminatory actions constitute malicious, willful, and wanton violations of the NYSHRL, for which Plaintiff is entitled to an award of punitive damages.

109.    Therefore, Defendants are jointly and severally liable to Plaintiff for back pay, front pay, emotional distress and other compensatory damages, punitive damages, prejudgment interest, post-judgment interest, attorneys' fees, costs and disbursements.

### SIXTH CAUSE OF ACTION
**Against All Defendants**
*Retaliation in Violation of the NYSHRL*

110.    Plaintiff repeats and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

111.    Defendants unlawfully retaliated against Plaintiff in the terms and conditions of her employment and by terminating her employment on the basis of her protected activities, in violation of NYSHRL.

112.    As described herein, Defendant ROBINSON is personally, directly and individually liable in that she aided and abetted Corporate Defendants in their unlawful retaliatory acts against Plaintiff, in violation of NYSHRL § 296(6).

113.    Alternatively, in terms of the economic realities of the workplace, Defendant ROBINSON is personally, directly and individually liable as an employer for the unlawful retaliation against Plaintiff in violation of NYSHRL § 296(1).

114.    As a result of Defendants' retaliatory acts, Plaintiff has suffered and continues to suffer monetary and/or economic harm, including but not limited to, loss of past and future income, compensation, and benefits, for which she is entitled to an award of damages, attorneys' fees, and costs.

115.    As a result of Defendants' retaliatory acts, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which she is entitled to an award of damages and other relief.

116.    Defendants' unlawful retaliatory actions constitute malicious, willful, and wanton violations of the NYSHRL, for which Plaintiff is entitled to an award of punitive damages.

117.    Therefore, Defendants are jointly and severally liable to Plaintiff for back pay, front pay, emotional distress and other compensatory damages, punitive damages, prejudgment interest, post-judgment interest, attorneys' fees, costs and disbursements.

**SEVENTH CAUSE OF ACTION**
**Against All Defendants**
*Discrimination in Violation of NYCHRL*

118.    Plaintiff repeats and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

119.    Defendants unlawfully discriminated against Plaintiff in the terms and conditions of her employment by creating and maintaining a hostile work environment, subjecting her to disparate treatment, and by terminating her employment on the basis of her race and gender in violation of the NYCHRL.

120.    As described herein, Defendant ROBINSON is personally, directly and individually liable in that she aided and abetted Corporate Defendants in their unlawful discriminatory acts against Plaintiff, in violation of NYCHRL.

121.    Alternatively, in terms of the economic realities of the workplace, Defendant ROBINSON is personally, directly and individually liable as an employer for the unlawful discrimination against Plaintiff in violation of NYCHRL.

122.    As a result of Defendants' discriminatory acts, Plaintiff has suffered and continues to suffer monetary and/or economic harm, including but not limited to, loss of past and future income, compensation, and benefits, for which she is entitled to an award of damages, attorneys' fees, and costs.

123.    As a result of Defendants' discriminatory acts, Plaintiff has suffered and continues to

suffer severe mental anguish and emotional distress, including but not limited to depression,

humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and

emotional pain and suffering, for which she is entitled to an award of damages and other relief.

124.    Defendants' unlawful discriminatory actions constitute violations of the NYCHRL that

amount to willful or wanton negligence, recklessness, and involve a conscious disregard of the

rights of others or conduct so reckless as to amount to such disregard for which Plaintiff is

entitled to an award of punitive damages.

125.    Therefore, Defendants are jointly and severally liable to Plaintiff for back pay, front pay,

emotional distress and other compensatory damages, punitive damages, prejudgment interest,

post-judgment interest, attorneys' fees, costs and disbursements.

**EIGHTH CAUSE OF ACTION**
**Against All Defendants**
*Retaliation in Violation of NYCHRL*

126.    Plaintiff repeats and realleges each and every allegation set forth above with the same

force and effect as if fully set forth herein.

127.    Defendants unlawfully retaliated against Plaintiff in the terms and conditions of her

employment and terminated her employment on the basis of her protected activities, in violation

of NYCHRL.

128.    As described herein, Defendant ROBINSON is personally, directly and individually

liable in that she aided and abetted Corporate Defendants in their unlawful retaliatory acts

against Plaintiff, in violation of NYCHRL.

129.    Alternatively, in terms of the economic realities of the workplace, Defendant

ROBINSON is personally, directly and individually liable as an employer for the unlawful

retaliation against Plaintiff in violation of NYCHRL.

130.    As a result of Defendants' retaliatory acts, Plaintiff has suffered and continues to suffer monetary and/or economic harm, including but not limited to, loss of past and future income, compensation, and benefits, for which she is entitled to an award of damages, attorneys' fees, and costs.

131.    As a result of Defendants' retaliatory acts, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which she is entitled to an award of damages and other relief.

132.    Defendants' unlawful retaliatory actions constitute violations of the NYCHRL that amount to willful or wanton negligence, recklessness, and involve a conscious disregard of the rights of others or conduct so reckless as to amount to such disregard for which Plaintiff is entitled to an award of punitive damages.

133.    Therefore, defendants are jointly and severally liable to plaintiff for back pay, front pay, emotional distress and other compensatory damages, punitive damages, prejudgment interest, post-judgment interest, attorneys' fees, costs and disbursements.

## JURY DEMAND

134.    Pursuant to FRCP § 38(b), Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief from this Court:

A.      A declaration that the practices complained of herein are unlawful under applicable federal, state, and local law;

B.      An order and judgment declaring that Defendants' discriminatory practices violate

Section 1981, Title VII, the NYSHRL, and the NYCHRL;

C.    An order and judgment awarding monetary damages to compensate Plaintiff fully for any economic losses and emotional distress suffered due to Defendants' discriminatory conduct;

D.    An order and judgment awarding punitive damages under Section 1981, Title VII, NYSHRL, and NYCHRL;

E.    An order and judgment awarding Plaintiff reasonable attorneys' fees, costs, and expenses incurred in prosecuting this action;

F.    Pre-judgment interest and post-judgment interest as provided by law;

G.    Appropriate equitable and injunctive relief to remedy violations, including but not necessarily limited to an order enjoining Defendants from continuing their unlawful practices; and

H.    Such other relief as this Court shall deem just and proper.

Dated: Brooklyn, New York
April 10, 2025

**DOLCE LAW PLLC**

By:    _Wendy Dolce_

Wendy Dolce, Esq.
44 Court Street, Suite 1217
Brooklyn, New York 11201
(718) 571-9162
wendy@dolcelaw.com
*Attorneys for Plaintiff*

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Houston District Office**
1919 Smith Street, 6th Floor
Houston, TX 77002
(346) 327-7700
Website: www.eeoc.gov

## DISMISSAL AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 01/10/2025

**To:** Ms. Akilah McCoy
284 de Rose Court
West Orange, NJ 07052

Charge No: 520-2024-03079

EEOC Representative and email:    MICHELLE VILLANUEVA
Federal Investigator
michelle.villanueva@eeoc.gov

### DISMISSAL OF CHARGE

The EEOC has granted your request for a Notice of Right to Sue, and more than 180 days have passed since the filing of this charge.

The EEOC is terminating its processing of this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign in to the EEOC Public Portal and upload the court complaint to charge 520-2024-03079.

On behalf of the Commission,

MICHELLE
VILLANUEVA

Digitally signed by MICHELLE
VILLANUEVA
Date: 2025.01.10 17:07:42 -06'00'

*for*   Rayford O. Irvin
District Director

**Cc:**
Tania J Mistretta
Jackson Lewis
666 3RD AVE FL 28
New York, NY 10017

Corrine Shea
Jackson Lewis
666 3RD AVE FL 28
New York, NY 10017

Mary Smith
Jackson Lewis
666 3rd Ave, Fl 28
New York, NY 10017

Wendy Dolce Esq.
Dolce Law PLLC
44 Court St Ste 1217
Brooklyn, NY 11201


Please retain this notice for your records.